IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| CARL E. THOMPSON §<br>#18763 §<br>§<br>V. §<br>§<br>OFFICER ANTHONY DONOSO §<br>§ | | W-16-CA-096-RP |

## ORDER

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Limestone County Jail. Plaintiff alleges he was wrongfully arrested by Officer Anthony Donoso and convicted of unlawful possession of a firearm by a felon. Plaintiff explains the only home he has is his vehicle, and he has a right to possess a weapon in his home despite being a felon. Plaintiff also alleges Office Donoso used racial language towards him. Plaintiff names as his only defendant Officer Anthony Donoso. Plaintiff seeks $80,000 for lost wages and to have his sentence reduced to time served.

Attached to Plaintiff's complaint is a judgment of conviction showing Plaintiff was convicted of unlawful possession of a firearm by a felon. As a result of his conviction, Plaintiff was sentenced to four years in prison on or about March 24, 2016.

DISCUSSION AND ANALYSIS

A.    Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

B.    Heck Bar

Plaintiff's claims for monetary damages challenging his arrest and conviction are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) and the Fifth Circuit's application of *Heck* to state prisoner § 1983 lawsuits in *Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994). In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

In this case Plaintiff does not allege that his conviction was reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus. Accordingly, Plaintiff's claims regarding his alleged illegal arrest and confinement are barred by *Heck*.

    C.    <u>Racial Language</u>

Plaintiff's allegation that Officer Donoso used racial language against him during his arrest does not arise to a constitutional violation. *See Williams v. Bramer*, 180 F.3d 699, 706 (5th Cir. 1999) (holding "an officer's use of a racial epithet, without harassment or some other conduct that deprives the victim of established rights, does not amount to an equal protection violation"), *clarified on rehearing*, 186 F.3d 633 (5th Cir.) and *Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir. 1993) (allegations of verbal abuse and threatening language and gestures by correctional officer do not rise to the level of a constitutional violation)).

    D.    <u>Habeas Corpus Relief</u>

To the extent Plaintiff requests his sentence be reduced to a time served sentence, he must seek such relief in an application for habeas corpus relief after he has exhausted his state court remedies. The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief. *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973). The Court declines to construe this action as a request for habeas corpus relief. If Plaintiff did not intend for this action to be an application for habeas corpus relief pursuant to 28 U.S.C. § 2254, any subsequently filed applications could be subject to the restrictions on "second or successive" motions. *See e.g. Castro v. United States*, 540 U.S. 375, 124 S. Ct. 786 (2003). Moreover, Plaintiff was only recently convicted and has not had the opportunity to exhaust his state court remedies.

CONCLUSION

Plaintiff's claims seeking monetary damages are frivolous and are dismissed. To the extent Plaintiff seeks to reduce his sentence, his claims are dismissed without prejudice to filing an application for habeas corpus relief after he has exhausted his state court remedies.

It is therefore **ORDERED** that Plaintiff's claims seeking monetary relief are dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further **ORDERED** that Plaintiff's claims seeking habeas corpus relief are dismissed without prejudice to refiling an application for habeas corpus relief after he has exhausted his state court remedies.

It is further **ORDERED** that Plaintiff is warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders. *See*, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further **ORDERED** that Plaintiff is warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state

a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless she is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

It is finally **ORDERED** that the Clerk shall e-mail a copy of this order and the final judgment to the TDCJ - Office of the General Counsel and the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

**SIGNED** on May 3, 2016.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE